RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  08 / 10 / 05
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KEITH L. BARNES | CIVIL ACTION NO. 05-0015-M |
| VS. | SECTION P |
| WARDEN, CLAIBORNE DETENTION CENTER | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Keith L. Barnes on January 4, 2005. Barnes is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is presently incarcerated at the Claiborne Parish Detention Center, Homer, Louisiana. Petitioner attacks his 2002 conviction on charges of possession of cocaine in the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying exhibits, petitioner's response to the Memorandum Order directing amendment, and the presumptively reliable published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On April 2, 2002 petitioner was convicted of possession of cocaine in the Fourth Judicial District Court. On September 5, 2002, he was adjudicated a second offender under Louisiana's Habitual Offender law (see La. R.S.15:529.1), and sentenced to serve eight years at hard labor. [Doc. 1, paragraphs 1-4; Exhibits, pp. 700-713]

2. Petitioner appealed his conviction to the Second Circuit Court of Appeals. He argued three assignments of error. Through his court appointed appellate counsel, he claimed that there was insufficient evidence to convict him of possession of cocaine. [See Doc. 1, Exhibits, Assignments of Error; see also *State v. Barnes*, 847 So.2d 75, 77, "...the jury erred in finding him guilty of possession of cocaine based upon the testimony of a convicted felon/paid police informant."] He also claimed that the trial court erred when it denied his motion to suppress which was based upon his argument that the initial stop was without probable cause and that therefore the evidence seized was inadmissible. [See Doc. 1, Exhibits, Assignments of Error; see also *Barnes*, 847 So.2d at 79.]

In *pro se* assignments of error, petitioner argued that the trial was not adequately transcribed, that the evidence was insufficient to convict, and, that the evidence was biased, unreliable, inconsistent, and contradictory. *State v. Barnes*, 847 So.2d 75, 80. [See also Doc. 1, Exhibits, Supplemental *Pro Se* Brief.]

On May 14, 2003, his conviction and sentence were affirmed and notice of judgment was mailed to the petitioner and his attorney. *State v. Barnes*, 37,155 (La. App. 2d Cir. 5/14/2003), 847 So.2d 75. [See also Exhibits, Notice of Judgment and Certificate of Mailing, and Slip Opinion, Second Circuit Court of Appeals]

3. On some unspecified date petitioner sought further direct review in Louisiana's Supreme Court.[1] On December 19, 2003, his application for writs was denied. *State v. Barnes*, 2003-1701 (La. 12/19/03), 861 So.2d 557. It does not appear that petitioner sought further direct

---

[1] Petitioner was ordered to provide a dated copy of his writ application. However, he did not comply with this directive.

review in the United States Supreme Court.

4. Plaintiff filed an Application for Post-Conviction Relief in the Fourth Judicial District Court on July 30, 2003. Therein he argued claims of ineffective assistance of counsel, illegal arrest and illegal search and seizure, and failure to disclose evidence favorable to the defense.[2] [Doc. 1 Exhibits, Application for Post-Conviction Relief] This application was denied without a hearing on September 29, 2003. The trial court noted that the grounds for the application had been urged on appeal. Therefore, the court, citing LSA C.Cr.P. art. 930.4 declined consideration of the claims. [Doc. 1, paragraph 11(a); but see Doc. 1, Exhibits, Order Denying Application for Post-Conviction Relief]

Petitioner sought review in the Second Circuit Court of Appeals. [Doc. 1, Exhibit, Request for Expedited Consideration] On December 8, 2003, the Second Circuit denied the writ application without prejudice because petitioner failed to comply with U.R.C.A. Rule 4-5.[3] [Doc. 1, Exhibits, Writ Denial, *State v. Barnes*, 38447-KH (La. App. 2d Cir. 12/8/2003)] Petitioner apparently re-filed his application and it was again denied by the Second Circuit on February 5, 2004. [Doc. 1, Exhibits, Writ Denial, *State v. Barnes*, KH 04-38625 (La. App.2d Cir. 2/5/2004)]

In his original petition, petitioner claimed that he filed a writ application in the Louisiana

---

[2] Petitioner claimed that the affidavit of Det. Passman indicated that the suspect drugs that petitioner was charged with possessing were discovered on the floor behind the passenger seat, whereas Det. Passman's investigative report indicated that the drugs were found on the floor behind the driver's seat. He claimed that this evidence established that his arrest was without probable cause. He also claimed that this discrepancy in the evidence was known by the prosecuting authority. Finally, he claimed that his attorney also knew about this inconsistency and was therefore ineffective when he failed to have the charge quashed or the evidence suppressed.

[3] Petitioner did not include a copy of the trial court's ruling or judgment in his writ application.

Supreme Court, however, as noted previously, there is no evidence to substantiate this allegation. Further, in his response to the Memorandum Order, petitioner admitted that he did not seek further review in the Louisiana Supreme Court. [Doc. 7]

5. Petitioner claims to have filed a second application for post-conviction relief in the Fourth Judicial District Court. Petitioner apparently argued a single ground for relief – "Habitual offender conviction and sentence was obtained by violation of the privilege against self incrimination..." This petition was denied on August 17, 2004. [Doc. 1, paragraph 11(b)]

6. Petitioner's federal *habeas corpus* suit was signed December 23, 2004; it was received and filed on January 4, 2005.

Petitioner argues three grounds for relief: (1) Ineffective Assistance of Counsel (2) Unlawful Arrest; and (3) Insufficient Evidence to Convict. [Doc.1, Paragraph 12]

Petitioner claims that his attorney was ineffective because despite contradicting reports, he was unsuccessful in having the evidence suppressed and the charges quashed. He claims that his arrest was unlawful because there was never any evidence that he possessed cocaine. Finally, he claims that there was no evidence to support his conviction.

7. On July 7, 2005, petitioner was ordered to amend his petition and to provide specific information to enable the court to determine the date upon which his conviction became final for AEDPA purposes, and the dates that his post-conviction proceedings were pending in the state courts. [See Doc. 6] On July 15, 2005 petitioner responded to the Memorandum Order, however, he failed to address any of the issues raised by the court. [Doc. 7]

## **LAW AND ANALYSIS**

### 1. Rule 4 Considerations

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

A review of the petitioner's pleadings and exhibits establishes beyond any doubt that petitioner is not entitled to relief and his *habeas* petition should therefore be dismissed with prejudice in accordance with Rule 4.

### 2. Claim One – Ineffective Assistance of Counsel
### Failure to Exhaust Available State Court Remedies and Dismissal on the Merits

Section 28 U.S.C. § 2254 provides in part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

\* \* \*

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
> 28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460

U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In order to satisfy the exhaustion requirement, petitioner's claims must have been presented to the state's highest court for review, even when review by that court is discretionary. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998), citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); see also, *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has not presented his ineffective assistance of counsel claim to the Supreme Court of Louisiana. Petitioner raised this claim for the first time in his July 30, 2003 Application for Post-Conviction Relief. When that application was denied, he ultimately sought review in Louisiana's Second Circuit Court of Appeal. That court noted,

> The merits of the ... ineffective assistance of counsel [claim], were not denied or explicitly 'otherwise dismissed.' Based on the present application, which is inadequate and makes no showing of an explicit ruling on the ineffective assistance of counsel claim, no supervisory review is available regarding this claim. ... The applicant can move for a ruling from the trial court on his claim of ineffective assistance of counsel, and can subsequently seek review on that ruling." *State v. Barnes*, 38625-KH (La. App. 2d Cir. 2/5/2004).

Petitioner did not heed the advice of the court of appeals. He did not move for a ruling in the trial court; he did not seek further review in either the Court of Appeals or the Louisiana Supreme Court.

Therefore, since it is clear that the Louisiana Supreme Court has not yet had an opportunity to review and determine the merits of this claim, the undersigned must conclude that petitioner's ineffective assistance of counsel claim remains unexhausted.

Nevertheless, 28 U.S.C. §2254(b)(2) provides, "An application for a writ of *habeas*

*corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."

In the instant case, it is manifestly clear that petitioner's ineffective assistance of counsel claim is without merit. It is equally clear that petitioner has not stated a claim for which relief might be granted. Accordingly, for the reasons which follow, dismissal pursuant to Rule 4 is recommended.

Petitioner faults counsel for his inability to obtain the dismissal of charges based upon an alleged inconsistency in the reports of the arresting officer. Nevertheless, the record of exhibits submitted by petitioner reveals that petitioner's attorney filed and tried both a motion to suppress and a motion for a preliminary hearing. [Doc. 1, Exhibits, Transcript, Preliminary Hearing, Motion to Suppress] Counsel argued these inconsistencies at trial and on appeal.[4]

That counsel's efforts proved unsuccessful is not, in and of itself, evidence of ineffective assistance of counsel. See *Winfrey v. Maggio*, 664 F.2d 550, 553 (5th Cir. 1981)(The fact that a particular strategy may prove to be unsuccessful does not by itself establish ineffective assistance.) Since it plainly appears that petitioner is not entitled to relief on his ineffective assistance of counsel claim, dismissal under Rule 4 is appropriate.

3. Claim Two – Unlawful Arrest and *Stone v. Powell*

In his second claim for relief, petitioner argues that his arrest was unlawful. Petitioner's unlawful arrest claim is barred from federal *habeas* review by the doctrine set forth in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Under *Stone* a federal court may

---

[4] In reviewing the transcripts, the court of appeals noted that the detective explained the discrepancy as follow: "Yeah, it ... was just a mistake." *State v. Barnes*, 847 So.2d at 78.

not grant *habeas corpus* relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. See *Stone*, 428 U.S. at 494, 96 S.Ct. 3037; *Williams v. Collins*, 16 F.3d 626, 637-38 (5th Cir.), *cert. denied*, 512 U.S. 1289, 115 S.Ct. 42, 129 L.Ed.2d 937 (1994). This rule applies to <u>all</u> claims arising under the Fourth Amendment. See, e.g., *Cardwell v. Taylor*, 461 U.S. 571, 572, 103 S.Ct. 2015, 76 L.Ed.2d 333 (1983) (*per curiam*) (arrest); *Williams*, 16 F.3d at 637-38 (search and seizure). In order to obtain relief in federal court, a petitioner must plead and prove that the state court proceeding was inadequate and did not provide a full and fair opportunity to litigate his Fourth Amendment claim. See *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir.1986) (*per curiam*).

"Full and fair" in this context means that where <u>facts</u> are in dispute, full and fair consideration requires consideration by the fact-finder, and at least the availability of meaningful appellate review by a higher state court. *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir.) (emphasis in original), *cert. denied*, 433 U.S. 911, 97 S.Ct. 2981, 53 L.Ed.2d 1096 (1977); *Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir. 1986). As shown above, petitioner was provided a full and fair opportunity to litigate his Fourth Amendment claims. His attorney filed a pre-trial Motion to Suppress and was afforded an evidentiary hearing. [Doc. 1, Exhibits, Transcript, Motion to Suppress] Further, petitioner was permitted to litigate the denial of his motion to suppress on appeal. See *State v. Barnes*, 847 So.2d at 79-80.

Petitioner thus may not litigate his illegal arrest claim in this proceeding. Since it plainly appears that petitioner is not entitled to relief on his Fourth Amendment illegal arrest claim, dismissal under Rule 4 is appropriate.

### 4. Claim Three – Sufficiency of the Evidence

In his third claim for relief petitioner contends that "the evidence that the state presented was not of law [sic] as to support the verdict..."

The law concerning federal *habeas* review sufficiency of the evidence claims is clear: "A reviewing court will not disturb a state court jury verdict so long as the evidence, viewed in the light most favorable to the verdict, is sufficient to allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. *Young v. Guste*, 849 F.2d 970, 972 (5th Cir.1988); *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It is the jury's responsibility 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.' *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. Thus, we do not 'not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.' *Herrera v. Collins*, 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)." *Juluke v. Cain*, — F.3d —, 2005 WL 1367703 at *5 (5th Cir., June 2005).

Petitioner implies that the evidence was insufficient because the state's witnesses were unworthy of belief. However, in this case, the trial jury believed the testimony of the state's witnesses and thus made a "rational decision to convict" the petitioner. That certainly was the conclusion of the Second Circuit Court of Appeal which applied the *Jackson v. Virginia* standard and opined,

> An appellate court does not review facts except for due process under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The *Jackson v. Virginia* standard for appellate review of a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to

the prosecution, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *State v. Ponsell*, 33,543 (La.App.2d Cir.08/23/00), 766 So.2d 678, *writ denied*, 00-2726 (La.10/12/01), 799 So.2d 490.

\* \* \*

The jurors listened to and observed the witnesses' testimony. Two other officers testified independently as to how they learned about defendant being in possession of drugs, how the stop was made and where the drugs were found. Testimony as to the time of day, the location, who was arrested, what was found at the scene and other details of the arrest was consistent. The evidence is clear that the officers were expecting to find defendant in possession of cocaine in a maroon car. <u>The jury chose to believe the testimony of the CI that the drugs had been obtained by and belonged to defendant, not him</u>. Ambiguity caused by Detective Passman's attempt to protect the identity of the CI was for the jury to weigh as was the chain of evidence.

<u>A reviewing court must defer to the trier of fact's rational credibility calls. It is for the jury to weigh the evidence and the inference drawn therefrom</u>. *State v. Mussall*, 523 So.2d 1305 (La.1988); *State v. Jones*, 36,553 (La.App.2d Cir.01/29/03), 840 So.2d 7. <u>It is not the function of the appellate court to assess credibility or reweigh evidence.</u> *State v. Marcantel*, 00-1629 (La.04/02/02), 815 So.2d 50. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Jackson*, 33,837 (La.App.2d Cir.09/27/00), 768 So.2d 767, *writ denied*, 00-3078 (La.11/02/01), 800 So.2d 864.

In light of the above, we find no merit to this assignment of error. *State v. Barnes*, 847 So.2d at 77-79 (emphasis supplied)

Petitioner's claims must be reviewed under the standards articulated in the Antiterrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2254. In so doing, this court may only grant the application for a writ of *habeas corpus* if the petitioner's conviction and incarceration was the product of a state court adjudication that "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "A decision is contrary to clearly established federal law 'if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts.'" *Gardner v. Johnson*, 247 F.3d 551, 557 (5th Cir.2001) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

As demonstrated above, the Louisiana court identified the appropriate standard for review of petitioner's sufficiency of the evidence claim. Petitioner has not shown (nor can he show) that the Louisiana Court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law. The trial jury's determination that the state's witnesses were credible was not unreasonable. The appeals court's determination that the jury's verdict was rational was likewise not unreasonable. Petitioner cannot show that his conviction was "unreasonable" and therefore he cannot prevail.[5] Since it plainly appears that petitioner is not entitled to relief on his sufficiency of the evidence claim, dismissal under Rule 4 is appropriate. Accordingly,

**IT IS RECOMMENDED** that this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

---

[5] It should be noted that in this context, a state court's decision may even be incorrect without being "unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410-411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE